[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13303
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02091-ODE

CHRISTOPHER LOWE,

Plaintiff - Appellant,

versus

CROWN EQUIPMENT CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2015)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Christopher Lowe ("Lowe"), sued the Defendant, Crown Equipment Corporation ("Crown"), for an injury to Lowe's left foot allegedly caused by a Crown forklift that malfunctioned. Lowe's Complaint alleges product liability and negligence claims. On simultaneously filed motions of Crown, the district court excluded the testimony of Lowe's causation and alternative-design expert, Robert Friedmann ("Friedmann"), and granted summary judgment in favor of Crown and against Lowe. We affirm.[1]

## I. Standards of Review

We review for an abuse of discretion a district court's order regarding the admissibility of expert testimony under Rule 702. *General Elec. Co. v. Joiner*, 522 U.S. 136, 141-43, 118 S. Ct. 512, 517 (1997); *Cook ex rel. Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1103 (11th Cir. 2005). We will not reverse a ruling on the admissibility of expert testimony unless the ruling is manifestly erroneous. *Id.* Because of the "considerable leeway" afforded the district court in determining admissibility, we will not overturn its decision even if "we would have gone the other way had it been our call." *Id.* This standard is not relaxed even if the decision we review is outcome-determinative. *Id.* at 1107 (citation omitted). We also review for an abuse of discretion a district court's decision to exclude expert

---

[1] We noted sua sponte deficient pleadings of diversity jurisdiction. We are satisfied from the parties' submissions that the district court had diversity jurisdiction.

2

testimony without conducting an evidentiary hearing. *Id.* at 1113–14 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152-53, 119 S. Ct. 1167, 1176). Finally, we review de novo a district court's order granting summary judgment. *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1318 (11th Cir. 2011).

## II.  Contentions of the Parties

Lowe contends:  (1) that the district court abused its discretion by striking the entirety of Friedmann's testimony; (2) that the district court abused its discretion by striking this evidence without conducting an evidentiary hearing; and (3) that the district court improperly granted Crown summary judgment even without Friedmann's expert testimony.

Crown contends that the district court did not abuse its discretion by excluding Friedmann's testimony without an evidentiary hearing, especially in light of Lowe's failure to request one.  Crown contends that the district court properly granted summary judgment because Lowe, without Friedmann's testimony, could not produce evidence sufficient to create a genuine issue of fact as to causation.

## III.  Discussion

We conclude that the district court did not abuse its discretion by granting Crown's motion to exclude Friedmann's testimony without holding an evidentiary hearing that Lowe did not even request.  We have carefully considered the court's

3

order (Order, Doc. 66) granting both the motion to exclude and Crown's motion for summary judgment.  We agree with the court's analysis and conclusions. Friendmann's testimony was the only evidence of causation, an essential element of Lowe's claims, and, without this evidence, Crown was entitled to summary judgment.

## IV.  Conclusion

The judgment is affirmed.

AFFIRMED.